## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MANUEL IGNACIO PACHECO GUAMAN,<br>    Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *Warden of the Donald W. Wyatt Detention Facility*; DAVID T. WESLING,[1] *Field Office Director*; MICHAEL KROL, *HSI New England Special Agent in Charge*; TODD LYONS, *Acting Director for U.S. I.C.E.*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; TODD BLANCHE, *Acting Attorney General of the United States*; and DONALD J. TRUMP, *President of the United States*,<br>    Respondents. | No. 26-cv-292-JJM-AEM |

## ORDER

## I.    DISCUSSION

Manuel Ignacio Pacheco Guaman has filed a habeas petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released and given a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a).  ECF No. 1.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David T. Wesling has been substituted for Patricia Hyde as Field Office Director of Enforcement and Removal Operations, Boston Field Office in this action.

The Government's position is that Mr. Pacheco Guaman is "lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) as an alien present in the United States who has not been admitted or paroled, and who is therefore subject to mandatory detention." ECF No. 4 at 2. As support for this position, the Government cites to recent decisions from the Eighth and Fifth Circuits. *Id.*; *see Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

The Government ignores the fact that this Court—and the overwhelming majority of district courts—have rejected this position. *See, e.g., Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *1 (D.R.I. Feb. 24, 2025) (collecting cases from the District of Rhode Island); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. 2025) (explaining that similarly situated petitioners "have prevailed, either on a preliminary or final basis, in 350 [out of 362] cases decided by over 160 different judges sitting in about fifty different courts spread across the United States").

Three federal courts of appeals have also rejected the Government's position. *See Barbosa da Cunha v. Freden*, No. 25-3141-pr, --- F.4th ----, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) (holding that 8 U.S.C. § 1225(b)(2)(A) "does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, Nos. 25-14065, 25-14075, --- F.4th ----, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026) ("We are unpersuaded by the Government's re-interpretation of § 1225(b)(2)(A)."); *Lopez-*

*Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, --- F.4th ----, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026) ("We therefore find that an "applicant for admission" is not necessarily 'seeking admission.'  Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them.").

In case it bears repeating, the Court will remind the Government that its power to detain a noncitizen must be grounded in a specific provision of the Immigration and Nationality Act ("INA").  *See, e.g.*, *Gonzalez Lopez v. Wesling*, No. 26-cv-047-JJM-AEM, --- F. Supp. 3d ----, 2026 WL 309607, at *1 (D.R.I. Feb. 5, 2026); *accord Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018).  Here, the Government argues that 8 U.S.C. § 1225(b)(2) is the authority that gives it the power to detain Mr. Pacheco Guaman.  ECF No. 4 at 2.  Not so.

As this Court has stated in *Tomas Elias* and the litany of cases that have followed it, this INA provision does *not* provide the Government with the legal authority to detain individuals in Mr. Pacheco Guaman's position.  *See, e.g.*, *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437, at *2-3 (D.R.I. Oct. 27, 2025).  As someone who has resided in the United States since 2009, *see* ECF No. 1, Mr. Pacheco Guaman cannot fairly be described as someone who is "seeking admission" into the country, so 8 U.S.C. § 1225(b)(2) does not and cannot apply to him.

The Government submits that, "should the Court apply the reasoning in *Tomas Elias* . . ., it would likely find that [Mr. Pacheco Guaman] merits habeas relief."  ECF

3

No. 4 at 3.  The Court agrees.  Based on the reasoning provided in *Tomas Elias*, Mr. Pacheco Guaman does merit habeas relief.  As such, the Court GRANTS his Petition. ECF No. 1.

## II.    REMEDY

As for next steps, there is a dispute over what remedy is proper for Mr. Pacheco Guaman.   The Government argues that Mr. Pacheco Guaman is not entitled to immediate release from ICE custody.  ECF No. 4 at 1 n.1.  Instead, the Government contends that Mr. Pacheco Guaman has a prior criminal history, and that "[a] bond hearing is appropriate so that the Immigration Court may assess whether [he] poses a danger to the community." *Id.*

Of course, this is completely antithetical to the Government's original position. The Government has consistently maintained that those who are subject to 8 U.S.C. § 1225(b)(2) are statutorily *ineligible* for bond hearings.  *See, e.g.*, *Matter of Q. Li*, 29 I&N Dec. 66, 69 (BIA 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018)). And, in this case, the Government does not claim that it has the authority to detain Mr. Pacheco Guaman under any statute other than 8 U.S.C. § 1225(b)(2).  But again, this statute does not apply to Mr. Pacheco Guaman's particular circumstances.

Recall that the Government's power to detain *must* be grounded in a specific provision of the INA.  Thus, considering that the Government did not have the lawful authority to detain Mr. Pacheco Guaman in the first place, and given that it fails to cite any other legal authority under which he may be detained, it follows then that the proper remedy is to order Mr. Pacheco Guaman's immediate release.

The Court will also order a bond hearing for Mr. Pacheco Guaman pursuant to 8 U.S.C. § 1226(a).  At the bond hearing, the Government will be free to argue to an IJ, as it attempts to do here, that Mr. Pacheco Guaman should be detained.  However, the Government will have the obligation to prove this point either by clear and convincing evidence that he poses a danger to the community or by preponderance of the evidence that he poses a flight risk.  *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

## III.   CONCLUSION

The Court therefore GRANTS Mr. Pacheco Guaman's habeas petition.  ECF No. 1.  The Government is hereby ORDERED to **release Manuel Ignacio Pacheco Guaman immediately**.  Per its request, the Government is permitted to transfer Mr. Pacheco Guaman to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property.  ECF No. 4 at 1 n.1.  However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate."  *Id.*  Because the Government did not have the lawful authority to detain Mr. Pacheco Guaman in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing.  *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility").

Effectuating Mr. Pacheco Guaman's transfer to Burlington shall not in any way impede his **immediate release**.

The Government is also ORDERED to **provide Manuel Ignacio Pacheco Guaman with a bond hearing before an IJ** under 8 U.S.C. § 1226(a) within ten (10) days of the date of this order. Should it choose to pursue Mr. Pacheco Guaman's continued detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals. *See Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests). The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness. *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to **file a status report** within five (5) days of Mr. Pacheco Guaman's bond hearing, stating whether he has been granted bond. If Mr. Pacheco Guaman's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Pacheco Guaman has been re-detained by ICE.

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

May 15, 2026

7